Robert O'NAN et al., Appellants,

v.

HUEY MOTOR EXPRESS et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1959.

Chat Chancellor, Frankfort, Alan Neil Schneider, Louisville, George Willis III, Asst. Atty. Gen., for appellants.

Robert H. Kinker, McChesney, Kinker & Pearce, Frankfort, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment of the Franklin Circuit Court which reversed an order of the Department of Motor Transportation approving the sale and transfer of certain common carrier truck certificates. The sale was made to consummate a contract between Robert O'Nan,

the transferee, and the now defunct Owenton Motor Express. The facts are as follows:

Owenton Motor Express held Regular Route Common Carrier Truck Certificates Nos. 4, 342, 345 and 665, which authorized operation from Louisville to Covington by way of Owenton and certain intermediate communities, and I. C. C. authority to carry interstate freight over the same route. On March 1, 1956, it granted O'Nan an option to purchase the intrastate certificates for $2,500. The company was in a shaky financial condition, and in an effort to revive it, O'Nan replenished its capital with $12,000 of his funds and took over its management. The financial condition of this company became worse and on July 11, 1956, it executed a deed of assignment to the Louisville Credit Company for the purpose of transferring control of the business for the benefit of creditors. On September 26, 1958, O'Nan exercised his option and tendered the agreed purchase price. He was given temporary authority to operate the certificates by the Department pending its final action on his application for approval of the transfer. Protests to the sale and transfer of the certificates to O'Nan were registered by ·Huey and Ecklar Transfer Companies, and the assignee of Owenton, Louisville Credit Company. The Credit Company protested on the ground that the sale was not for an adequate consideration. ·A hearing was held and the transfer approved. In the meantime, the Credit Company had been superseded by a trustee in bankruptcy. Upon appeal of the Department's order of approval to the Franklin Circuit Court, the trustee in bankruptcy withdrew all opposition to the sale and stated that he had concluded that the amount of the proposed sale price represented the fair market value of the certificates. The Circuit Court set aside the order of the Department approving the transfer and from that judgment this appeal was taken.

The trial judge did not set out his findings of fact, but the following reasons were given for his judgment:

"(1) The contents of the application together with the option is not sufficient to sustain the order appealed from;

"(2) The proposed transfer would be against the public interest in that O'Nan might in the future, without proof of public convenience and necessity, create an additional interstate service over the routes involved by registration of the intrastate certificate with the Interstate Commerce Commission under the second proviso of Sec. 206(A) (1) of the Interstate Commerce Act [49 U.S.C.A. § 306(a) (1)]."

■ The application for approval of the transfer which O'Nan submitted to the Department was not signed by the proposed transferor, Owenton Motor Express Company. KRS 281.620 provides that an applicant for a transfer of a certificate must apply to the Department in such form as the Department requires and the application must contain such matters as the Department may prescribe. The protestants point out that on the reverse side of the application form a place is provided for the name of the proposed transferor and argue that omission of the signature of one of the transferor's agents makes the application insufficient to support the Department's action. They fail to show, however, any rule of the Department or any statute which requires a transferor's signature. In fact, the regulations of the Department covering applications seem to be concerned largely with securing information about the applicant-transferee rather than the transferor. Moreover, the application does not of itself disturb any rights but appears to serve only as notification to the Department and interested carriers that the Department's approval is requested. Since there seems to

be no reason why the signature of the transferor should be required on the application and since the governing statutes and regulations do not specifically provide for it, we hold that its omission was not a substantial defect justifying the Circuit Court's reversal of the Department's action. The protestants' assertion that there is no consideration to support the transfer to O'Nan is, even if material, obviously contrary to the facts.

■ The trial court's alternate ground for reversal, that the transfer would be against the public interest because O'Nan might in the future create an additional interstate route, is also unsound. An additional interstate route sometimes results from a transfer of intrastate certificates because under a proviso of Sec. 206(A) (1) of Part II of the Federal Motor Carrier Act a motor carrier holding intrastate certificates need not obtain a certificate of convenience and necessity to carry interstate freight over its intrastate route. All it need do is to meet certain routine requirements and register its intrastate certificates with the I. C. C. Thus, where a carrier which holds intrastate certificates as well as interstate authority transfers its intrastate certificates but continues to operate under its interstate rights, its transferee can also acquire interstate authority by virtue of registration of his intrastate certificates and two interstate routes may result where there was only one before.

In Cumberland Motor Freight, Inc. v. Huber & Huber Motor Express, Ky., 311 S.W.2d 398, relied on by protestants, we held that the Department of Motor Transportation could consider the possible effect of such duplication of interstate routes on the ability of the carriers serving the area to render adequate service in the public interest. In the facts of this case, however, the rule of evidence announced in the Cumberland case does not come into full play. Registration of the intrastate certificates involved herein will not necessarily result in an additional interstate service. Here, the interstate authority of the transferor, Owenton, is in the control of Owenton's trustee in bankruptcy, and a transfer of it must be approved not only by the trustee but by the I. C. C. before the interstate operation it authorizes can be continued by the transferee, Title 49 U.S.C.A. § 5, par. (2); nor is it a perfunctory approval that must be given by the I. C. C. Falwell v. United States, D. C., 69 F.Supp. 71, and affirmed 330 U.S. 807, 67 S.Ct. 1087, 91 L.Ed. 1264. Thus if two interstate operations over the routes involved in this case should result, it will be because of the I. C. C.'s subsequent approval of the transfer of Owenton's original interstate authority and not as the result of the registration of the interstate certificates by O'Nan. The I. C. C. has established a regulatory policy against a "split" of operating rights, see Wilson Storage & Transfer Company-Purchase-Dakota Transportation, Inc., 36 M.C.C. 221, and will, no doubt, take the transfer of Owenton's intrastate rights into consideration if it is called upon to approve the transfer of Owenton's interstate authority. The Cumberland case does not require the Department to disapprove a transfer even though an additional interstate route may result from it, it merely authorizes the Department to consider this aspect of the case in determining whether to approve a transfer of a certificate.

The judgment is reversed and the order of the Department approving the transfer is reinstated.